# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOHN ROBERT DEMOS, JR,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

NO. C12-867-TSZ-JPD

REPORT AND RECOMMENDATION

Plaintiff John Demos applied for leave to proceed in forma pauperis ("IFP") with a proposed civil-rights complaint. (Dkts. 1, 1-1, 4.) Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and was sentenced to an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968 (Wash. 1980).

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert*

REPORT AND RECOMMENDATION - 1

*Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

This absurd complaint is identical to the one he has presented in *Demos v. United States*, C12-866-MJP-BAT (W.D. Wash., filed May 17, 2012). Plaintiff alleges that he is the deposed King of England, that Queen Elizabeth II usurped his throne, and that King George VI verbally and by statute appointed him to be the rightful heir to the throne. (Dkt. 1-1, at 12.) Plaintiff therefore sues the United States and the State of Washington, asking that this Court restore his crown. (Dkt. 1-1, at 7.) First, as a factual matter, it was physically (if not legally) impossible for King George VI, who died in 1952, to have verbally or via introduced legislation appointed plaintiff, born in 1957, as his heir. Second, this Court does not have the authority to alter the British royal family's line of succession.

The Court finds that plaintiff presents no case or controversy, fails to state a claim upon which relief may be granted, and brings a frivolous action. *See* U.S. Const., art. III, § 2, cl. 1; *Muskrat v. United States*, 219 U.S. 346 (1911); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Moreover, plaintiff's proposed complaint does not contain "a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted). His instant application to proceed IFP thus does not meet the "imminent danger" requirement under 28 U.S.C. § 1915(g).

//
//
//
//

The Court recommends DENYING plaintiff's application to proceed IFP (Dkt. 4) and DISMISSING the proposed complaint with prejudice and without leave to amend. A proposed Order is attached.

DATED this 14th day of June, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3